1  Amy L. B. Ginsburg (275805)
   Kimmel & Silverman, P.C.
2  30 East Butler Pike
3  Ambler, PA 19002
   Telephone: 215-540-8888
4  Facsimile: 215-540-8817
5  aginsburg@creditlaw.com
   Attorney for Plaintiff
6

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| **JACKIE ILES**, | ) **Case No.:** |
|  | ) |
|  | ) **COMPLAINT FOR DAMAGES** |
| Plaintiff, | ) **VIOLATION OF THE** |
| v. | ) **TELEPHONE CONSUMER** |
|  | ) **PROTECTION ACT, 47 U.S.C.** |
| **BLUESTEM BRANDS, INC. D/B/A** | ) **§227 ET. SEQ.** |
| **FINGERHUT,** | ) |
|  | ) **JURY TRIAL DEMANDED** |
| Defendant. | ) |
|  | ) |

## COMPLAINT

JACKIE ILES ("Plaintiff"), by and through her attorneys, KIMMEL &

SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC.

d/b/a FINGERHUT ("DEFENDANT"):

## INTRODUCTION

1.    Plaintiff's Complaint is based on the Telephone Consumer Protection

Act, 47 U.S.C. §227.

- 1 -

**JURISDICTION AND VENUE**

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.     Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.     Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

5.     Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

6.     Plaintiff is a natural person residing in San Bernardino, California 92408.

7.     Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

8.     Defendant is a corporation with its principal place of business located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

9.     Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

10.     Plaintiff has a cellular telephone number that she has had for at least two years.

- 2 -

PLAINTIFF'S COMPLAINT

11.     Plaintiff has only used this phone as a cellular telephone.

12.     Beginning in or around January 2015 and continuing through in or about November 2015, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

13.     Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

14.     Plaintiff knew that Defendant was using an automated telephone dialing system because the calls would begin with a pre-recorded message and/or recording prior to connecting to a live agent.

15.     Defendant's telephone calls were not made for "emergency purposes."

16.     Shortly after the commencement of Defendant's repeated calls in or around January 2015, Plaintiff told Defendant to stop calling her on her cellular telephone, thereby revoking any consent Defendant may have had to call her.

17.     Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

18.     Nevertheless, Defendant failed to update its records to restrict calls to Plaintiff's cellular telephone and instead continued to call Plaintiff on her cellular telephone.

PLAINTIFF'S COMPLAINT

19.     It was frustrating, unnerving and agitating for Plaintiff to receive such continuous and repeated telephone calls from Defendant on her cellular telephone.

20.     Upon information and belief, Defendant conducts business in a manner which violates the TCPA.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

23.     Defendant's initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24.     Defendant repeatedly placed non-emergency calls to Plaintiff's cellular telephone.

25.     Under § 227(b)(3)(A) of the TCPA, a person or entity may bring a private cause of action in an appropriate court based on a violation of the TCPA or the regulations prescribed under the TCPA to enjoin such violation.

26.     Under § 227(b)(3)(B) of the TCPA, a person or entity may bring a private cause of action in an appropriate court "to recover for actual monetary loss

PLAINTIFF'S COMPLAINT

from such a violation, or to receive $500 in damages for each such violation whichever is greater."

27.    Based upon the conduct of Defendant, Plaintiff avers that the enhancement of damages provided for by the TCPA allowing for Plaintiff to recover up to $1,500 per call/violation be applied to calls placed.

28.    Defendant's conduct violated § 227(b)(1)(A)(iii) of the TCPA by placing repeated calls using an automatic telephone dialing system to Plaintiff's cellular telephone.

29.    Defendant's calls to Plaintiff's cellular telephone after she revoked consent were not made with Plaintiff's prior express consent.

30.    Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31.    The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32.    As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, JACKIE ILES, respectfully prays for a judgment as follows:

      a.    All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

      b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

      c.    Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

      d.    Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); and

      e.    Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, JACKIE ILES, demands a jury trial in this case.

PLAINTIFF'S COMPLAINT

RESPECTFULLY SUBMITTED,


By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

Dated: September 28, 2017

- 7 -

PLAINTIFF'S COMPLAINT